FEDERAL SCHOOLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9625, 13095.   Promulgated February 18, 1927.

The evidence fails to show that the petitioner is entitled to have its profits taxes assessed under the provisions of section 328 of the Revenue Act of 1918.

*L. M. Hirschtritt, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income and profits taxes for 1919 in the amount of $18,211.86, and for 1921 in the amount of $2,776.87. The deficiency letter for 1919 asserted a deficiency of $18,692.59, but the respondent in his answer admits that the deficiency is $18,211.86.

The proceedings for the two years were consolidated.

In the petition relating to the year 1919, the petitioner assigned seven errors. After considerable testimony had been introduced relating to the various errors assigned, the petitioner and the respondent, through their respective counsel, entered into a stipulation by which the petitioner waived all issues except with respect to its claim for relief for 1919, under the provisions of section 328 of the Revenue Act of 1918, with respect to which certain testimony was introduced in addition to the stipulation. With respect to the proceed-

ing for the redetermination of the deficiency asserted for 1921, the petitioner and the respondent also entered into a stipulation through their respective counsel.

FINDINGS OF FACT.

The petitioner is a Minnesota corporation, organized in 1914, having its principal office at Minneapolis. It operates a corre-. spondence school, selling courses in commercial designing and cartooning, and its student contracts for tuition are payable in ten monthly installments. The correct net income of the petitioner for 1919, computed on a cash basis, was $51,106.72. The invested capital for 1919 was $71,268.19.

During the years 1915 to 1918 the petitioner expended for advertising its commercial designing and cartooning courses $74,917.31, as shown by its books of account. There were outstanding on December 31, 1918, as shown by the petitioner's books of account, contracts receivable, representing the amount due on students' contracts for tuition, $315,445.23, payments on which were received by the petitioner with respect to the years in which the sales were made as follows:

| Year sale made. | Collections. | |
| | Year. | Amount. |
|---|---|---|
| 1916 | 1919 | $1, 564. 15 |
| 1917 | 1919 | 12, 745. 70 |
| 1918 | 1919 | 93, 420. 59 |
| 1917 | 1920 | 4, 644. 10 |
| 1918 | 1920 | 20, 183. 71 |
| 1918 | 1921 | 3, 125. 89 |

The correct net income of the petitioner for 1921 was $11,070.68. The invested capital for the said year 1921 was $71,636.91.

The petitioner paid its officers, for services rendered during 1919, $14,761.25. The officers rendered services in connection with instruction, advertising and selling supplies to students in connection with general correspondence and office routine. The volume of business of the petitioner depended, in a great measure, upon the efforts of its officers. During 1919 the petitioner had in its employ about seventy-six persons, including its salesmen. With the exception of its officers, they were mostly clerks and stenographers. They were mostly employed in Minneapolis, but certain salesmen were employed in other parts of the United States, who sold on a commission basis.

OPINION.

TRAMMELL: As the result of the stipulation entered into, the only question for 1919 is whether the petitioner is entitled to have its profits taxes assessed under the provisions of section 328 of the Revenue Act of 1918. All other alleged errors were waived. The net income and invested capital for both 1919 and 1921 were stipulated.

From the evidence introduced we find no abnormalities of income or capital which would warrant the assessment of the taxes under the provisions of section 328. The taxes should, therefore, be assessed in accordance with the foregoing findings of fact.

*Judgment will be entered on 15 days' notice, under Rule 50.*